ECONOMY FEED WATER-HEATER CO. v. LAMPREY BOILER FURNACE-MOUTH PROTECTOR CO.

(Circuit Court of Appeals, First Circuit, February 1, 1895.)

No. 112.

PATENTS—TIME FOR PAYMENT OF FINAL FEE TO PATENT OFFICE.
Under Rev. St. § 4897, requiring payment of final fee to the patent office within six months from notice of the allowance of the patent, such fee may be paid within six calendar months from the date of the notice.

Appeal from the Circuit Court of the United States for the District of New Hampshire.

This was a suit by the Lamprey Boiler Furnace-Mouth Protector Company against the Economy Feed Water-Heater Company for infringement of a patent. There was a decree for complainant, and for an accounting (62 Fed. 500), from which defendant appeals.

In respect to the payment of the necessary fees to the United States patent office, the records of the office show that letters patent No. 421,588 were passed and allowed August 1, 1889, and that notice was sent on that day to the applicants and to their attorneys. The final fee of $20 was paid January 29, 1890.

Rev. St. § 4897, requires payment of final fee to the patent office within six months from notice of the allowance of the patent. Id. § 4885, provides that "every patent shall bear date as of a day not later than six months after the time it was passed and allowed and notice thereof sent to the applicant or his agent; if the final fee is not paid within that period, the patent shall be withheld."

H. W. Boardman, for appellant.

The common-law or lunar month, of 28 days, is the month by which the six months named in Rev. St. § 4885, must be computed, and not a calendar month. Walk. Pat. § 125; Rob. Pat. § 585; 2 Bouv. Law Dict. 187, § 7.

John J. Jennings and Stephen S. Jewett, for appellee.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PER CURIAM. We agree in this case with the conclusions reached by the court below, and we can add nothing to the full and

clear opinion of the presiding judge. As, in our opinion, the fee was paid within the six months required by statute (Guaranty Trust Co. v. Green Cove R. Co., 139 U. S. 137, 145, 11 Sup. Ct. 512), we do not think it necessary to pass upon the question whether the non-payment of the fee within the statutory period can be set up as a defense to a suit upon the patent. The decree of the circuit court is affirmed.

NOTE. In the case of Guaranty Trust Co. v. Green Cove R. Co., 139 U. S. 137, 11 Sup. Ct. 512, cited above, it was held that where a statute requires notice of publication "for four months," and there is no legislative definition, it will be taken to mean calendar months.